**Roy William HARRIS, Appellant,**

v.

**John NASH, Warden.**

No. 04–4416.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Summary Action
Under Third Circuit LAR 27.4 and
I.O.P. 10.6 April 28, 2005.

Decided May 17, 2005.

Roy William Harris, Fort Dix, NJ, pro
se.

Paul A. Blaine, Office of United States
Attorney, Camden, NJ, for John Nash,
Warden.

Before SLOVITER, NYGAARD and
FUENTES, Circuit Judges.

OPINION

PER CURIAM.

Roy William Harris appeals *pro se* from
an order of the District Court dismissing
his petition for writ of habeas corpus. Ap-
pellee has filed a motion for summary
affirmance, which will be granted.

Harris is currently serving a 188–month
sentence at the Federal Correctional Insti-
tution in Fort Dix, New Jersey. Harris
filed a petition under 28 U.S.C. § 2241 in
the District Court challenging the Bureau
of Prisons' ("BOP") interpretation of 18
U.S.C. § 3624(b)(1), which governs the
award of good time credits to prisoners.
The District Court rejected his arguments
and dismissed his petition. We have ap-
pellate jurisdiction pursuant to 28 U.S.C.
§ 1291. Our review is plenary. See *Ba-
khtriger v. Elwood,* 360 F.3d 414, 417 (3d
Cir.2004).

Section 3624(b)(1) reads, in pertinent
part, as follows:

[A] prisoner who is serving a term of
imprisonment of more than 1 year other
than a term of imprisonment for the
duration of the prisoner's life, may re-
ceive credit towards the service of the
prisoner's sentence, beyond the time
served, of up to 54 days at the end of
each year of the prisoner's term of im-
prisonment, beginning at the end of the
first year of the term . . .

18 U.S.C. § 3624(b)(1). The BOP interprets this statute to allow fifty-four days of "good time" credit for each year served by the prisoner. 28 C.F.R. § 523.20. The BOP's formula for calculating good time credit accounts for the fact that the prisoner's sentence is incrementally shortened as good time credit is awarded each year. *See White v. Scibana,* 390 F.3d 997 at 1000–1001 (7th Cir.2004) (explaining the BOP's formula).

Harris contends that the Bureau of Prisons' (BOP's) interpretation of 18 U.S.C. § 3624(b) is contrary to Congressional intent because the phrase "term of imprisonment" in the statute unambiguously refers to the term imposed rather than time served. As a result of the BOP's incorrect interpretation of this statute, Harris argues, he is being deprived of good time credit to which he is entitled.

We have recently held that the phrase "term of imprisonment" in this statute is ambiguous and that the BOP's interpretation is reasonable. *See O'Donald v. Johns,* 402 F.3d 172, 174 (3d Cir.2005). Therefore, we defer to the BOP's interpretation, as required under *Chevron U.S.A., Inc. v. Natural Resources Def. Council,* 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

For the foregoing reasons, Harris's arguments are foreclosed by our decision in *O'Donald.* Accordingly, we will affirm the District Court's judgment. *See* Third Circuit LAR 27.4 and I.O.P. 10.6. Harris's motion for appointment of counsel is denied.